# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Sara Foss<br>7347 Thackery Rd.<br>Springfield, OH 45502<br><br>　　　　Plaintiff,<br><br>v.<br><br>National Action Financial Services, Inc.<br>c/o James P. Rich, Jr., CEO<br>165 Lawrence Bell Drive, Suite 100<br>Williamsville, NY 14221<br><br>　　　　Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT,<br>INVASION OF PRIVACY,<br>AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. On or about June 11, 2007, during a telephone communication with Plaintiff, Defendant asked Plaintiff where Plaintiff worked.

10. During this communication, Plaintiff informed Defendant that Plaintiff did not want to tell Defendant her place of employment because she was not allowed to receive Defendant's calls at work.

11. During this communication, Defendant told Plaintiff that Defendant would not call Plaintiff at work and only wanted to know where Plaintiff worked for Defendant's records.

12. As a result of Defendant's representation referenced in paragraph 11, Plaintiff provided the name of her employer.

13. On or around June 15, 2007, Defendant contacted Plaintiff's place of employment by telephone and spoke to Plaintiff's co-worker.

14. On or around June 18, 2007, Defendant contacted Plaintiff's place of employment and spoke to Plaintiff's supervisor.

15. During this communication, Defendant disclosed that Defendant was a debt collector.

16. On a date after June 18, 2007, as a result of Defendant's telephone calls during working hours, Plaintiff was terminated from her place of employment.

17. During a communication in June 2007, Plaintiff informed Defendant that she was looking into the possibility of filing bankruptcy and Defendant responded that Plaintiff that Plaintiff was not eligible for bankruptcy.

18. During a communication in June 2007, Defendant threatened to garnish Plaintiff's wages.

19. In or around the month of June 2007, Defendant placed a telephone call to Plaintiff at approximately 7:58 am EST.

20. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

21. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

22. Defendant violated the FDCPA.

### COUNT ONE

### Violation of the Fair Debt Collections Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

### COUNT TWO

### Violation of the Fair Debt Collections Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

### COUNT THREE

### Violation of the Fair Debt Collections Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collections Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SEVEN

### Invasion of Privacy by Intrusion upon Seclusion

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

37. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

38. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

39. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

40. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

41. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

42. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: */s/ Richard J. Meier*
Richard J. Meier (0079501)
20 W. Kinzie Street, Suite 1300
Chicago, IL 60610
Telephone:  866-339-1156
rjm@legalhelpers.com
Attorney for Plaintiff